Matter of Arcadia Landing, LLC v CVM Constr. Corp. (2024 NY Slip Op 06195)

Matter of Arcadia Landing, LLC v CVM Constr. Corp.

2024 NY Slip Op 06195

Decided on December 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2023-01088
 (Index No. 610500/22)

[*1]In the Matter of Arcadia Landing, LLC, appellant,
v
CVM Construction Corp., respondent.

Scheyer & Stern, LLC, Nesconset, NY (Fredrick P. Stern of counsel), for appellant.

DECISION & ORDER
In a proceeding pursuant to Lien Law § 38 to compel the respondent to provide a revised itemized statement relating to a mechanic's lien, the petitioner appeals from an order of the Supreme Court, Nassau County (Eileen C. Daly-Sapraicone, J.), entered December 8, 2022. The order, in effect, denied the amended petition and dismissed the proceeding.
ORDERED that the order is affirmed, without costs or disbursements.
On June 24, 2022, the respondent, CVM Construction Corp. (hereinafter CVM), filed a mechanic's lien in the Nassau County Clerk's Office in the sum of $330,262.31. The petitioner served a demand for an itemized statement pursuant to Lien Law § 38 and thereafter commenced this proceeding pursuant to Lien Law § 38. CVM served the petitioner with a letter from its counsel dated August 10, 2022, along with a number of exhibits, listing the items of work allegedly done. The petitioner, by an amended petition, claimed this response was insufficient. In an order entered December 8, 2022, the Supreme Court, in effect, denied the amended petition and dismissed the proceeding. The petitioner appeals.
Lien Law § 38 provides, in relevant part, that "[a] lienor who has filed a notice of lien shall, on demand in writing, deliver to the owner or contractor making such demand a statement in writing which shall set forth the items of labor and/or material and the value thereof which make up the amount for which he claims a lien, and which shall also set forth the terms of the contract under which such items were furnished" (Matter of Plain Ave. Stor., LLC v BRT Mgt., LLC, 165 AD3d 1264, 1265 [internal quotation marks omitted]).
Here, CVM set forth the items of work for which payment was demanded and contended that the work was in fact done. The petitioner disputes that the work was in fact done. However, this dispute cannot be resolved by demanding more information from CVM and is best resolved in a proceeding to enforce the mechanic's lien (see Matter of Mr. White, L.L.C. v Pink Shirt Constr., Inc., 170 AD3d 550).
BARROS, J.P., MILLER, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court